**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 05a0575n.06
Filed: July 7, 2005

Case Nos. 04-3244 and 04-3377

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| **GENCORP INC.,** | **Case No. 04-3244** | ) |
| | | ) |
| **Plaintiff - Appellant,** | | ) |
| | | ) |
| v. | | ) **ON APPEAL FROM THE** |
| | | ) **UNITED STATES DISTRICT** |
| **AIU INSURANCE COMPANY; et al.,** | | ) **COURT FOR THE NORTHERN** |
| | | ) **DISTRICT OF OHIO** |
| **Defendants - Appellees,** | | ) |
| | | ) |
| | | ) |
| **GENCORP INC.,** | **Case No. 04-3377** | ) |
| | | ) |
| **Plaintiff,** | | ) |
| | | ) |
| v. | | ) |
| | | ) |
| **AIU INSURANCE COMPANY,** | | ) |
| | | ) |
| **Defendant,** | | ) |
| ------------------------------------------------------------- | | ) |
| **AMERICAN RE-INSURANCE COMPANY;** | | ) |
| **FEDERAL INSURANCE COMPANY;** | | ) |
| **CENTURY INDEMNITY COMPANY,** | | ) |
| | | ) |
| **Third Party Plaintiffs - Appellants,** | | ) |
| | | ) |
| v. | | ) |
| | | ) |
| **AMERICAN INSURANCE COMPANY;** | | ) |
| **LIBERTY MUTUAL INSURANCE** | | ) |
| **COMPANY; CONTINENTAL CASUALTY** | | ) |
| **COMPANY,** | | ) |
| | | ) |
| **Third Party Defendants - Appellees.** | | ) |
| | | ) |

**BEFORE: NORRIS and BATCHELDER, Circuit Judges; MILLS,** [*] **District Judge.**

**ALICE M. BATCHELDER, Circuit Judge.** Plaintiff-appellant GenCorp, Inc. ("GenCorp") appeals the district court's order granting summary judgment to defendants-appellees, a group of insurance companies who provide excess insurance coverage to GenCorp ("the Excess Insurers"), for certain environmental liabilities. The Excess Insurers, in turn, conditionally appeal the district court's order granting summary judgment to Third-Party Defendants ("the Settled Insurers"), on the Excess Insurers' claim for contribution. The Settled Insurers are the primary and umbrella insurers with whom GenCorp has settled its claims for coverage of these liabilities. GenCorp argues that the district court erred by holding that once GenCorp had settled with its primary insurers for less than the full coverage limits of the primary policies, it could not look to its Excess Insurers to cover the rest of its liability. The Excess Insurers argue that in the event summary judgment in their favor on GenCorp's claims is reversed, they are entitled to proceed against the Settled Insurers for contribution, and the summary judgment in the Settled Insurers' favor must be reversed as well.

GenCorp, formerly know as General Tire and Rubber Co., manufactures, sells, and distributes automotive, latex, and polymer products. At various times in the early 1990's, GenCorp was identified by various parties and government entities as a potentially responsible party in environmental contamination at six sites in Michigan, Connecticut, New Hampshire, and Ohio. In light of its actual and potential liabilities in these matters, GenCorp initiated litigation against dozens of its insurers seeking insurance coverage. GenCorp settled with its primary and umbrella insurers

---

[*]The Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

early in the process, and now seeks to recover from its Excess Insurers amounts in excess of those settlements for which it may become liable.

GenCorp's argument in the district court focused on the Supreme Court of Ohio's decision in *Goodyear Tire & Rubber Co. v. Aetna Cas. & Sur. Co.*, 769 N.E.2d 835 (Ohio 2002). *Goodyear* adopted the "all sums" approach for allocating environmental pollution liability among multiple primary insurance policies, which means that "the insured is entitled to secure coverage from a single policy of its choice that covers all sums incurred as damages during the policy period, subject to that policy's limit of coverage." *Id.* at 841 (internal quotations omitted). This approach places the burden on the chosen insurer to seek contribution from other triggered policy providers. *Id.* If the chosen policy does not cover the insured's entire claim, then the insured "may pursue coverage under other primary or excess insurance policies," but "[t]he answer to the question of what insurance may be tapped next is dependent upon the terms of the particular policy that is put into effect by [the insured]." *Id.* at 841-42. GenCorp's position is that, since it can no longer look to its primary insurers for coverage because of the settlements, it has exhausted that coverage, and *Goodyear* thus allows it to look to one or more of its excess policies to cover the rest of its liabilities.

The district court rejected this argument. It determined that by settling with its primary and umbrella insurers, GenCorp had made the choice to allocate its liability as broadly as possible, which meant that it had to demonstrate that its liabilities would exceed the cumulative limits of all the primary and umbrella policies before it could trigger the excess policies. The district court held that, viewing the evidence in the light most favorable to GenCorp, "the combined limits of GenCorp's primary policies exceed GenCorp's own maximum estimates of its liability at the six sites," and that GenCorp had offered no evidence that those estimates were erroneous or uncertain.

3

Therefore, the district court held, there is no basis upon which to conclude that any of the policies of the Excess Insurers would ever be triggered. GenCorp's having failed to create a genuine issue as to any material fact, the district court held that as a matter of law the excess policies were not triggered, and thus could not be held to answer for any of GenCorp's liabilities.

We have carefully read the briefs and considered the oral arguments, and we have reviewed the record and the district court's opinions granting summary judgment and denying reconsideration. We are convinced that both the record and the applicable law fully support the district court's conclusions. Because the district court's opinion carefully and correctly sets out the law governing the issues raised, and clearly articulates the reasons underlying its decision, issuance of a full written opinion by this court would serve no useful purpose. Accordingly, for the reasons stated in the district court's opinion, we **AFFIRM** the judgment.

Because we affirm the grant of summary judgment to the Excess Insurers, we do not reach the Excess Insurers' conditional appeal.